IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY BERNARD WINGFIELD | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv44 |
| BRIAN COLLIER, ET AL. | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Anthony Bernard Wingfield, an inmate at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends granting the defendants' motion to dismiss.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. Plaintiff contends he possessed a protected liberty interest in his housing location and should not have been placed in administrative segregation without due process. However, the Fifth Circuit has consistently held that "absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for a constitutional claim"

because such a claim "simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612 (5th Cir. 1996). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). "Inmates have no protectable property or liberty interest in custodial classifications." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998)). Further, plaintiff failed to allege or show a violation of the ADA in this case because his exclusion from certain activities and privileges was based on his assignment to administrative segregation instead of his disability. *See Blanks v. Southwestern Bell Communications*, 310 F.3d 398, 400 (5th Cir. 2002). Finally, the defendants in this action were not personally involved in plaintiff's assignment to administrative segregation. Plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, plaintiff's objections are without merit.

## O R D E R

Accordingly, plaintiff's objections to the Report are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. It is

**ORDERED** that the defendants' motion to dismiss is **GRANTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the 22 day of **February, 2022.**

_____
Thad Heartfield
United States District Judge