| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| ANTHONY BERNARD WINGFIELD, | § | |
| Plaintiff, | § | |
| versus | § | CIVIL ACTION NO. 9:19-CV-44 |
| BRIAN COLLIER, *et al.*, | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Bernard Wingfield, an inmate at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit. The court granted the defendants' motion to dismiss and a final judgment was entered on February 22, 2022.

Pending before the court are plaintiff's motions for out-of-time appeal (#s 43 and 44) and motion to reopen the time to file an appeal (#46). This memorandum considers such motions.

### Analysis

Rule 4(a)(1), FED. R. APP. P., requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which appeal is taken. Pursuant to FED. R. APP. P. 4(a)(5)(A), however, the district court may extend the time to file a notice of appeal if (i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by Rule 4(a), that party shows excusable neglect or good cause.

Here, plaintiff's earliest motion for out-of-time appeal was not filed until January 5, 2024, almost two years after judgment was entered in this case, and the motion was directed to the United States Court of Appeals for the Fifth Circuit. Plaintiff's next motion for out-of-time appeal was addressed to this court and was filed January 19, 2024. To the extent plaintiff's motions are liberally interpreted as motions for extension of time under Rule 4(a)(5), the motions are untimely. Further, plaintiff's document filed March 7, 2022, does not request an extension of time to file an appeal. Accordingly, the motions should be denied.

Plaintiff also argues he filed a notice of appeal on March 7, 2022. The document which plaintiff now argues was his notice of appeal was docketed as correspondence to the court and, in its entirety, consisted of the following: "Please let the records reflect my intentions to file a formal appeal in civil action no. 9:19cv44."[1] If plaintiff's document is deemed an adequate notice of appeal, plaintiff's current motions for extension of time are moot.

Next, plaintiff argues for relief under Rule 4(a)(6) in his motion to reopen the time to file an appeal. This argument, however, also lacks merit. Under Rule 4(a)(6), a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only in certain circumstances not present in this case. Here, Rule 4(a)(6) is inapplicable because plaintiff received the final judgment in a timely manner and his motion was not made within 180 days after the judgment was entered. *See* FED. R. APP. P. 4(a)(6). Moreover, plaintiff has failed to state any meritorious ground for relief under Rule 60(b). Accordingly, plaintiff's motions should be denied. It is

**ORDERED** that plaintiff's motions (#s 43, 44, and 46) are **DENIED**.

SIGNED at Beaumont, Texas, this 10th day of September, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] Rule 3 of the Federal Rules of Appellate Procedure which identifies the minimum requirements for a sufficient notice of appeal requires the following:

(c) Contents of the Notice of Appeal.

(1) The notice of appeal must:

(A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

(B) designate the judgment--or the appealable order--from which the appeal is taken; and

(C) name the court to which the appeal is taken.

The "principle of liberal construction does not . . . excuse noncompliance with the Rule." *Smith v. Barry*, 502 U.S. 244, 248 (1992).